THIS is a judgment rendered against a Sheriff and Lis securities for failing to return an execution one ¡nonti) after the return day.
1. The notice was excepted to in the court below, and that exception was overruled, and we conceive rightly. The notice sufficiently apprizes the opposite party of what was demanded, and clearly points out the execution intended.
2. The judgment was in Pendleton county, and the execution issued to Campbell; and against the sheriff* of the latter county, the motion was made in the circait court of Pendleton, whose jurisdiction'was objec. ted to. Under the provisions of the statutes regulating such motions, the jurisdiction of the Pendleton circuit court could not be doubted. This objection *7 was therefore properly disregarded in the court be
¶ 3. After the sheriff had returned the execution which he held up one month after the return day, the plaintiff in the execution, now appellee, issued an alias which was replevied as to part of the debt, and enjoined as to the residue by an injunction issued from the chancery side of the court. And it is now contended, that the appellee, by issuing the second execution, waived her right against the sheriff and securities to make them responsible for the amount, with damages. If the second execution had been effectual in collecting the money, so much as was collected might have operated to the benefit of tiie sheriff, and for that sum he might be entitled to a credit. But we cannot conceive, under the positive words of the statute, on which the motion is founded, that the bare act of issuing another execution, will be a waiver of the motion, so as to preclude its being thereafter resorted to. The acts of a plaintiff in an execution done previous to the expiration of the month, which the sheriff retains it, may waive the right of the motion ; but. those which take place after the cause of action, 'so to term it,) against the sheriff, was complete, cannot so operate, unless they amount to a release or discharge of the complaint.
4. As to any legal defence in favour of the sheriff and his securities, resulting from the replevin bond and the injunction, we have suggested that an actual payment might operate to their benefit; but we cannot account a replevin, of the same nature in every respect. It suspends the demand, but does not discharge it. The original judgment can be no more resorted to by the force of law, which directs the bond to s<and as a judgment. The demand of the plaintiff in the execution may be bettered by it, and if so. the sheriff chnnot be injured, as the demand may, on payment of this judgment, become equitably his.
5. Nor do we conceive that the pendency of an injunction can suspend the operation of this legal redress against the sheriff and securities. The injunction may suspend execution, and the decree of the chancellor alone, gives the discharge, by perpetuating the injunction. It is admitted that the sheriff may be allow *8 ed, in a court of conscience, to enquire into the equity of that judgment existing between the parties thereto, and thereby shew that he ought to be discharged ; but this ought not to avail him, on the bare granting of an injunction to the debtor, which is not more than a suggestion of equity yet untried. It is unnecessary now to decide what may be the effect of a future decree perpetuating the injunction upon this judgment against the sheriff. But we have no hesitation in saying, that it was a defence premature, when offered at this stage of the injunction. We therefore conceive, that there is no error in the judgment of the court beiow, and it must be affirmed with costs and damages.